15-2749
Meng v. Yates

BIA
Poczter, IJ
A205 226 441

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand seventeen.

PRESENT:
>  ROBERT D. SACK,
>  PETER W. HALL,
>  CHRISTOPHER F. DRONEY,
>      *Circuit Judges.*

─────────────────────────────────────

XIANGYU MENG, AKA XIANG YU MENG,
>      *Petitioner,*

>  v.                                      15-2749
>                                          NAC

SALLY Q. YATES, ACTING UNITED
STATES ATTORNEY GENERAL,
>      *Respondent.**

─────────────────────────────────────

FOR PETITIONER:            Louis H. Klein, The Kasen Law Firm, PLLC, Flushing, N.Y.

───────────────────

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Sally Q. Yates is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

**FOR RESPONDENT:**   Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Kathleen Kelly Volkert, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiangyu Meng, a native and citizen of China, seeks review of a July 30, 2015, decision of the BIA affirming a December 24, 2013, decision of an Immigration Judge ("IJ") denying Meng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiangyu Meng,* No. A205 226 441 (B.I.A. July 30, 2015), *aff'g* No. A205 226 441 (Immig. Ct. N.Y. City Dec. 24, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

2

For asylum applications like Meng's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony."  *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted) (emphasis in original).  For the reasons that follow, we conclude that substantial evidence supports the agency's determination that Meng was not credible.

Initially, Meng does not challenge the agency's reliance on the inconsistencies concerning his baptism classes in the United States and the last church service that he attended with

3

his wife, and those inconsistencies stand as appropriate bases for the credibility determination. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

The agency also reasonably based the credibility determination on inconsistency among Meng's testimony, application, and fine receipt regarding when he was released from detention. *See Xiu Xia Lin*, 534 F.3d at 163-64. In his application and testimony, Meng stated that he was arrested on June 12, 2011, and released 3 days later after his parents paid a 3,000 renminbi fine. However, Meng's fine receipt was dated April 18, 2011—two months before Meng claims he was arrested. Meng contends, as he did on appeal before the BIA, that the English translation of his fine receipt could be incorrect. Before the IJ, Meng's attorney argued that the "4" on the original Chinese version might actually be a "6," which would reflect a June rather than April date. Both the IJ and interpreter examined the letter. The IJ ultimately accepted the official translation, submitted by Meng, which reflected the April date. The IJ did not err by doing so. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Decisions as to . . . which of competing

4

inferences to draw are entirely within the province of the trier of fact." (internal quotation marks omitted)).

Finally, the adverse credibility determination was properly based on inconsistencies in the record about where Meng has lived since arriving in the United States. *See Xiu Xia Lin*, 534 F.3d at 163-64. On both of his asylum applications, Meng listed his address as 4004 Bowne Street; he also testified that he has lived at that address since arriving in the United States. However, Meng's marriage certificate listed 35-28 Union Street as the couple's marital address. When confronted with this discrepancy, Meng first testified that the Union Street address was his wife's, then testified that he lived there "once in a while," and later testified that he had moved there and no longer lived at the Bowne Street address. The IJ was not compelled to accept Meng's explanation that he testified inconsistently because he was nervous, and Meng's various explanations for the discrepancy between his application and marriage certificate only added inconsistencies to the record. *See Majidi*, 430 F.3d at 80.

Given the foregoing inconsistency and corroboration findings, substantial evidence supports the agency's credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167.

That determination is dispositive of Meng's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6